[Cite as *State v. Layne*, 2026-Ohio-2741.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-31 |
| Appellee | : | |
| | : | Trial Court Case No. 2023 CR 023 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DAVID CHRISTOPHER LAYNE | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 17, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,

_____
CHRISTOPHER B. EPLEY, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

HOLLY M. SIMPSON, Attorney for Appellant
JANE A. NAPIER, Attorney for Appellee

EPLEY, J.

{¶ 1} David Layne appeals from the Champaign County Common Pleas Court's judgment revoking his community control and imposing consecutive prison sentences. Layne asserts that the trial court's sentence of two consecutive twelve-month prison terms violated his rights under the Eighth Amendment and was unsupported by the record. For the following reasons, the trial court's judgment is affirmed.

## I. Facts and Procedural History

{¶ 2} On February 6, 2023, Layne was indicted on two counts of assault, two counts of obstructing official business, and one count of harassment with a bodily substance. On July 13, 2023, after reaching an agreement with the State, Layne pled guilty to two counts of obstructing official business, and the remaining counts were dismissed. The trial court sentenced Layne to a period of two years of community control.

{¶ 3} On October 15, 2024, Layne's probation officer notified the trial court that Layne had violated the terms of his community control by failing to notify his probation officer of his address change, consuming alcohol, and failing to complete court-ordered treatment programs. After a hearing on Layne's alleged community control violations, the trial court ordered that Layne remain on community control but extended his term of community control for an additional three years. The trial court also ordered that he complete a residential treatment program.

2

{¶ 4} On November 7, 2025, another notice of community control violations was filed, informing the trial court that Layne had failed to successfully complete the court-ordered treatment program and had used methamphetamine and marijuana. At a November 24, 2025 hearing, Layne admitted to the violations. The trial court revoked Layne's community control and imposed a sentence of two consecutive twelve-month prison terms. Layne now appeals that sentence, raising one assignment of error.

## II. Review of Layne's Sentence

{¶ 5} In his assignment of error, Layne first argues that his sentence violates the Eighth Amendment, because it is disproportionate to the offenses at issue. Further, Layne asserts that the record does not support the trial court's imposition of the maximum consecutive sentence for his convictions.

### A. Layne's Sentence Does Not Violate the Eighth Amendment

{¶ 6} With respect to Layne's contention that this sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment, we have held that such violations are rare and pertain to sentences that would shock any reasonable person. *State v. Mayberry*, 2014-Ohio-4706, ¶ 38 (2d Dist.). Additionally, "we are bound to give substantial deference to the General Assembly, which has established a specific range of punishment for every offense and authorized consecutive sentences for multiple offenses." *State v. Hairston*, 2008-Ohio-2338, ¶ 24.

{¶ 7} Layne acknowledges that the maximum sentence he could have received for violating his community control was a term of 24 months in prison, which is the sentence imposed by the trial court. Layne further admits that "his own actions led to the probation violations." He appears to argue that because this case has been "looming over his entire life for more than two years," he has suffered cruel and unusual punishment. Additionally,

Layne asserts that complying with the terms of his community control has been challenging for him, because he has been navigating mental health issues. However, the trial court's sentence falls within the statutory range, and there is nothing in the record to demonstrate that this sentence would be shocking to a reasonable person. Therefore, Layne's sentence does not violate his rights under the Eighth Amendment and does not constitute cruel and unusual punishment.

## B. Layne's Sentence is Supported by the Record

{¶ 8} Under R.C. 2953.08(G)(2), "an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not 'clearly and convincingly' support the trial court's consecutive sentence findings." *State v. Gwynne*, 2023-Ohio-3851, ¶ 13. "Therefore, an appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences," and it cannot conduct a de novo review. *Id.* at ¶ 15-16.

{¶ 9} R.C. 2929.14(C)(4) states that a trial court may require an offender to serve multiple prison terms consecutively if the court finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Additionally, the court must find any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, 2929.18 of the Revised Code, or was under post-release control for a prior offense;

4

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct;

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} When sentencing Layne to consecutive prison terms, the trial court specifically found that consecutive service was necessary to protect the public and such service was not disproportionate to the seriousness of Layne's conduct or the danger he posed to the public. The trial court noted that, while on community control, Layne "repeatedly tested positive for methamphetamine," "continued to incur convictions for anti-social and obstructionist decision making," and "continued to use felony drugs of abuse."

{¶ 11} Layne committed the violations at issue while on community control, and the trial court found that his criminal history necessitated the imposition of consecutive sentences to protect the public. The trial court cited Layne's failure to complete the treatment programs it ordered, as well as the fact that Layne repeatedly failed to respond favorably to "second chance" opportunities granted by the court. In support of these findings, the trial court referenced Layne's admitted inability to stop using marijuana and Layne's conduct at the court-ordered residential treatment facility, which included "outbursts, failure to attend counseling sessions, multiple behavioral contract violations, and a missed drug screen."

5

**{¶ 12}** Additionally, the trial court had previously advised Layne that he could be sentenced to a maximum of twelve months in prison for each charge and that the court could order Layne to serve these sentences consecutively if he violated community control. *See State v. Brooks*, 2004-Ohio-4767, ¶ 29 (upon sentencing a defendant to community control sanctions, a trial court must notify the defendant of the specific prison term that may be imposed for a community control sanction violation as a prerequisite to ordering a prison term for a subsequent violation). Layne expressed to the trial court that he understood. Accordingly, the trial court made all the required findings for imposing consecutive prison terms in accordance with R.C. 2929.14(C)(4), and these findings are not unsupported by the record.

**{¶ 13}** Layne's assignment of error is overruled.

### III. Conclusion

**{¶ 14}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.